# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355


March 10, 2014


<u>VIA ECF</u>
Hon. Gary R. Brown, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 840
Central Islip, NY 11722


     Re: Plaintiff's Request for Rule 37.2 Informal Conference Regarding
       Defendants' Deficient Responses
       <u>*Xi Dong Gao v. Golden Garden Chinese Restaurant Inc., et al.*</u>
       **13-cv-04761 (LDW)(GRB)**


Dear Magistrate Judge Brown:

  This firm represents the Plaintiff, Xi Dong Gao, in the above referenced matter. The defendants, Golden Garden Chinese Restaurant Inc., Golden Garden 516, Inc., Ting An Zheng, and Xiu Rong Zheng (collectively the "Defendants") are represented by Stephen H. Marcus. Plaintiff is writing to respectfully request that Your Honor help facilitate the curing Defendants' deficient discovery responses.

  On January 17, 2014, Plaintiff served the Plaintiff's First Set of Requests for Document Production on Defendants' attorney. <u>See</u> attached hereto, Exhibit 1. However, Plaintiff found Defendants' responses deficient for the reasons mentioned below.

  The document production deficiencies that were requested by Plaintiff include Document Requests:
  7. Any and all of Defendants' federal, state, and city tax reports, including, but not limited to, IRS Tax Forms 941, W-2, 1099, 1040, 1120, 1096, ST-100, ST-101 for the years 2010 to 2013, (both years inclusive).
  8. Any and all of Defendants' quarterly combined withholding, wage reporting, and unemployment insurance return forms, including Form NYS-45 and NYS-45-ATT, from the years 2010 to 2013 (both years inclusive).

Hon. Mag. Gary R. Brown
March 10, 2014
P a g e | **2**

9. Any and all of Defendants' bank statements from all corporate accounts from the years 2010 to 2013, (both years inclusive) and all records of sale, written and/or electronic, whether compiled on a daily basis and weekly, monthly, or quarterly summaries thereof.

10. Any and all documents relating to the Defendants financial statements (including bank statement) and/or accounting records including the certificate of incorporation, Schedule G, Schedules K-1, liquor licenses, corporate licenses, and documents of the entities that employed the Plaintiff.

Furthermore, Plaintiff is still awaiting the Verifications for the Defendants' responses to Plaintiff's First Set of Interrogatories. Plaintiff seeks to compel the Defendants to serve verified answers to the Plaintiff's First Set of Interrogatories.

The requests for Defendants' tax documents and bank statements are relevant as they provide information to the litigation at hand. The request for Defendants' NYS-45 and NYS-45-ATT for the relevant time period of 2010 to 2013 provide the names of other employees who are potential witnesses. These employees will have information relevant to Plaintiff's hours as well as Defendants' practices.

The request for tax forms 1120, 941 ST-100 and ST-101 establish Defendants' gross sales. These documents are relevant as Defendants must meet the threshold amount of $500,000, a necessary element of Plaintiff's case. In order to facilitate discovery of these sensitive documents, Plaintiff has no objection to the redaction of social security numbers nor does Plaintiff object to signing a confidentiality/ nondisclosure agreement. Accordingly these documents should be provided.

The request for Defendants' business records and bank statements are relevant to the element of interstate commerce as well as verification of their sales. In addition the business records are proof of the corporations' statuses and that of shareholders to establish liability.

Plaintiff requests that Defendants cure these deficiencies in order to acquire all the requisite knowledge possible before the close of discovery. The information and documents sought do not violate attorney-client privilege or any of the other applicable privileges and do not fall into any of the Defendants' general objections. If the case were to continue forward with the missing information and redacted documents, justice would be thwarted as Plaintiff would be prevented from representing the case effectively.

Counsel for the parties met and conferred on March 10, 2014 at 11:31am via telephone. At this time, Defendants are unwilling to provide the discovery requests but has stated that some income tax documents might be provided at the upcoming Settlement Conference on March 13, 2014.

For the abovementioned reasons, Plaintiff respectfully requests the Court's intervention in having the Defendants serve the above-mentioned documents and without redactions.

Thank you for your time and consideration in this matter.

Hon. Mag. Gary R. Brown
March 10, 2014
P a g e | **3**

                                                  Respectfully submitted,
                                                  TROY LAW, PLLC

                                                  _s/John Troy_____
                                                  John Troy,
                                                  *Attorney for Plaintiff*

JT/sp
Cc: Stephen H. Marcus (Attorney for Defendants)