# EXHIBIT 1

TROY LAW, PLLC
JOHN TROY (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, New York 11355
Phone: (718) 762-1324
Fax: (718) 762-1342
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

XI DONG GAO

                    Plaintiff,

    -against-

GOLDEN GARDEN CHINESE RESTAURANT
INC., GOLDEN GARDEN 516 INC., TING AN
ZHENG, and XIU RONG ZHENG,

                    Defendants.
-----------------------------------------------------------------X

Case No.: **13-CV-04761 (LDW) (GRB)**

**PLAINTIFF'S FIRST REQUEST**
**FOR PRODUCTION OF**
**DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants shall produce to the Counsel for the Plaintiff for inspection and copying the documents described herein. The document requested should be produced by mailing them to TROY LAW, PLLC at 41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355, no later than 30 days after the day of service.

### INSTRUCTIONS

1. All Defendants are instructed to produce documents (copies thereof) and provide information in the Defendants' custody, possession or control. All responses are subject to the requirements of Fed. R. Civ. P. 26(e). Documents shall be Bates-stamped or otherwise numbered sequentially.

2. If any document responsive to this request exists in the form of a tape recording, video recording, or other electronic recording, then it shall be preserved until the conclusion of the litigation. If a tape recording has not been transcribed, then a copy of such tape or electronic recording shall be produced, subject to any state law or regulation barring

access to the Plaintiff. Defendants' counsel shall retain the tape and make it available upon request to the Court or Plaintiff's counsel. Any transcript shall be treated as any other responsive document.

## DEFINITIONS

The definitions in Local Civil Rule 26.3(c) are herein incorporated by reference.

## DOCUMENT REQUESTS

Produce any and all of the following documents:

1. All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage papers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing Plaintiff, their wage, salary, rate and method of pay, hours worked, general work policies Plaintiff was to follow, arrival/departure from work, breaks taken, or any matters concerning Plaintiff's employment with the Defendants.

2. Any documents concerning the Plaintiff, not otherwise identified above, in the custody or control of any of the Defendants.

3. Any and all documents concerning any and all employment policies or practices of any or all of the Defendants concerning wages, payment of wages, recordkeeping, personnel files, or time and attendance or any other written or electronically stored material referencing the Plaintiff's wages, salary, rate and method of pay, hours worked, general work policies that the Plaintiff was to follow, arrival/departure from work, breaks taken or any matter concerning Plaintiff's employment with the Defendants.

4. Any and all documents relating to Defendants' point of sale system and the attached computer system including but not limited to: bill of sale from the purchase of the point of sale system, invoices from the service provider, manuals and instructions, invoices from any maintenance of the point of sale system, and any other appropriate documents involving Defendants' point of sale system.

5. Any and all documents posted by any Defendants concerning any employment law.

6. Any and all documents identifying the owners, officers, managers, and/or employees for the Defendants at 5505 Merrick Road, Massapequa, New York, 11758.

7. Any and all of Defendants' federal, state, and city tax reports, including, but not limited to, IRS Tax Forms 941, W-2, 1099, 1040, 1120, 1096, ST-100, and ST-101 for the years 2010 to 2013, (both years inclusive).

8. Any and all of Defendants' quarterly combined withholding, wage reporting, and

unemployment insurance return forms, including Form NYS-45 and NYS-45-ATT, from the years 2010 to 2013, (both years inclusive).

9. Any and all of Defendants' bank statements from all corporate accounts from the years 2010 to 2013, (both years inclusive) and all records of sale, written and/or electronic, whether compiled on a daily basis and weekly, monthly, or quarterly summaries thereof.

10. Any and all documents relating to the Defendants financial statements (including bank statement) and/or accounting records including the certificate of incorporation, Schedule G, Schedule K-1, liquor licenses, corporate licenses, and documents of the entities that employed the Plaintiff.

11. Any and all documents on which information provided in response to Plaintiff's First Interrogatories is based.

12. Any and all electronically stored materials requested in Request for Document Production 1 through 11, inclusive.

13. All documents showing, on a daily basis, tips received and tips deducted, the amount of tip credit claimed by the Defendants in regards to Plaintiff's compensation for each pay period, and any document providing notice to Plaintiff that they were to be paid less than the minimum wage because Defendants were claiming a tip credit.

14. For the past 3 years, all documents relating to payments or other transactions between the Plaintiff and Defendants not covered by the foregoing, including, but not limited to fines, loans and all other payment.

For the purpose of this document request, "electronic stored material" includes all data in personal computers, PDA or blackberries or similar devices used by managers or supervisors of Defendants in the work place or at home
Dated: January 16, 2014
    Flushing, New York

Respectfully Submitted,

TROY LAW, PLLC

*[signature]*

John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
*Attorney for Plaintiff*

3

# **CERTIFICATION**

I hereby certify that the copies of the documents annexed hereto are true and complete copies of the originals and that copies of reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire repot of reports rendered by them, and that the existence of other documents or reports or said experts, either written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

_____
DEFENDANTS

Date:_____

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF            )

    The foregoing Responses to Plaintiff's First Document Request was acknowledged and sworn to be before this___ day of _____ , _____ by _____ and who did take an oath.

Sign:_____
Notary Public
Print:_____
State of _____ at Large (SEAL)
My commission expires: _____

_____
NOTARY PUBLIC

4